NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOVINDA R. HEARTSONG, | No. 23-35581 |
| Plaintiff-Appellant, | D.C. No. 3:23-cv-05024-BAT |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted November 19, 2024**
Seattle, Washington

Before: McKEOWN, H.A. THOMAS, and DESAI, Circuit Judges.

Govinda Heartsong appeals the district court's order affirming an

Administrative Law Judge's (ALJ) denial of her application for disability

insurance benefits and supplemental security income. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We affirm.

We review de novo a district court's order affirming a denial of Social Security benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

1. Substantial evidence supports the ALJ's conclusion that the opinions of physician assistant ("PA") Omar Gonzalez and Dr. Terilee Wingate were "unsupported and inconsistent with the overall record." Under the applicable regulations, the ALJ's opinion must reflect how the ALJ "considered the supportability and consistency factors" in rejecting an examining doctor's medical opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a)–(b). Here, the ALJ relied on medical opinions that contradicted the opinions of PA Gonzalez and Dr. Wingate. The ALJ found the opinions of Dr. Howard Platter and Dr. John Gilbert to be supported by and consistent with Heartsong's longitudinal medical record. The ALJ relied on Dr. Platter's testimony that Heartsong was capable of performing a range of work activity at the light exertional level, with additional postural, environmental, and manipulative limitations. And the ALJ explained that Dr. Wingate's opinion was inconsistent with Heartsong's longitudinal medical record, which showed that her mental health

2

symptoms improved with treatment. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We find no error in the ALJ's treatment of the record here.

2. The ALJ provided "specific, clear, and convincing reasons" for discrediting Heartsong's subjective symptom testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) ("When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so.'"). The ALJ explained that Heartsong's testimony as to her symptoms was "not entirely consistent with the medical evidence and other evidence in the record." The ALJ pointed to PA Gonzalez's physical examination findings, which included a finding that Heartsong had normal motor strength and gait. The ALJ also noted the testimony of Dr. Platter that Heartsong "could perform a range of work activity at the light exertional level, with additional postural, environmental, and manipulative limitations." To the extent the ALJ may have erred by inadequately explaining why Heartsong's daily activities were inconsistent with Heartsong's subjective symptom testimony, any such error was harmless, as it was "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other*

*grounds by* 20 C.F.R. § 404.1502(a).

**AFFIRMED.**